5442-284
BMS/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NANCY C. PETTIGREW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-02087 |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS as a Board and as each individual Trustee; and MICHAEL JAMISON, individually and in his official capacity, | ) ) ) ) ) ) ) |
| Defendants. | |

**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

NOW COMES the Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS[1], by Brian M. Smith of Heyl, Royster, Voelker & Allen, its attorneys, and in support of its Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum of Law in Support Thereof, pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**I.
INTRODUCTION**

On April 9, 2019, Plaintiff filed her Complaint against Defendant. Attached to her Complaint are portions of her charge of discrimination filed with IDHR and the EEOC. In her charge of discrimination, Plaintiff claims that she was discriminated against on the basis of her sex and that she was retaliated against. (d/e #1-1, p. 3).

---

[1] The undersigned has not entered his appearance on behalf of each individual Trustee or Michael Jamison, and, on information and belief, the individual Trustees and Michael Jamison have not been served with summons or waivers of service of summons forms. Thus, no responsive pleading is due from the individual Trustees or Michael Jamison at this time.

On July 12, 2019, Plaintiff, through counsel, filed her First Amended Complaint. (d/e #16). Count I is brought pursuant to Title VII against the Board of Trustees of the University of Illinois ("the University"), and alleges a hostile work environment, retaliation, and disparate treatment on account of Plaintiff's race and sex. Count II is brought pursuant to the Illinois Civil Rights Act of 2003 against the University and Michael Jamison in his official capacity. Count III is brought pursuant to § 1981 as applied via § 1983 against Michael Jamison individually. Counts II and III are not the subjects of this Motion to Dismiss.

In Count I, Plaintiff makes allegations of discrimination beyond the scope of her charge of discrimination. Specifically, Plaintiff alleges that she was discriminated against based on race and sex. Her Charge of Discrimination was only about sex and retaliation; there was nothing in it concerning race. As these new allegations are not found in her Charge of Discrimination, they should be dismissed.

## II.
## ARGUMENT

### A.    12(b)(6) Standard

Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)(*quoting* FED. R. CIV. P. 8). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculation level."

*Twombly*, 550 U.S. at 555. "[L]abels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

In determining whether the Plaintiff's Complaint survives a motion to dismiss, the court must employ a two-step process. First, a court must identify the "allegations in the complaint that are not entitled to the assumption of truth." *Iqbal,* 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Conclusory allegations are "not entitled to be assumed true" and cannot be considered for purposes of determining whether the complaint states a claim for relief. *Id.* at 1951.

Once the court determines those allegations which can be considered, it must then determine whether such allegations "state[] a plausible claim for relief…" *Id.* at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]-'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Consistent with *Twombly* and *Iqbal,* the Seventh Circuit has recognized that "[r]ecent decisions of the Supreme Court emphasize the importance of prompt dismissal of unmeritorious cases even if they are not frivolous." *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 959 (7th

Cir. 2009)(*citing Ashcroft,* 129 S. Ct. at 1952; *Twombly,* 127 S. Ct. 1955). Accordingly, "[i]n the interest of justice and economy, every effort should be made by the district court from the start of a case to determine its likely merit and guide it to a swift conclusion as is consistent with doing justice to the parties." *Milam,* 588 F.3d at 958-59. Plaintiff's Complaint fail to allege sufficient facts to support the claims referenced herein.

    **B.**    **Plaintiff's Title VII Race Claim Must be Dismissed, as Plaintiff has Failed to Exhaust her Administrative Remedies on Those Issues**

"Before a plaintiff can file a Title VII. . . claim in federal court, she must first timely file a charge of discrimination with the EEOC." *Hale v. Bd. of Trs.*, 219 F.Supp.3d 860, 865 (C.D. Ill. Nov. 8, 2016)(citations omitted); *see also Spellman v. Seymour Tubing, Inc.*, 2007 U.S. Dist. LEXIS 28779, at *2 (S.D. Ind. April 12, 2007). "A plaintiff must present in the charge of discrimination any claim she wants to later pursue in federal court." *Id.* at 866 (citation omitted). While charges of discrimination are to be construed liberally, "general allegations of discrimination in the charge are not sufficient to justify bringing any discrimination theory in federal court." *Id.* at 866 (citation omitted). "In particular, a plaintiff can bring federal court claims that were not included in the charge of discrimination if the federal claims are 'likely or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* at 866 (citation omitted). "To be like or reasonably related, the federal claim and the claim in the charge of discrimination must, at a minimum, describe the same conduct and implicate the same individuals." *Id.* at 866 (citation omitted).

"Whether the federal claims are within the scope of the charge of discrimination is a question of law." *Id.* at 866 (citation omitted). On a motion to dismiss under 12(b)(6), the court can consider the complaint and exhibits attached thereto. *Id.* at 865; Fed. R. Civ. P. 10(c).

In her First Amended Complaint, Plaintiff alleges that Defendant discriminated against her because of her race and sex. (d/e #16, pp. 5-6, ¶¶ 36-45). Of these two categories, only sex was complained about in Plaintiff's charge of discrimination. Plaintiff attached her Charge of Discrimination to her original Complaint. (See d/e #1-1, pp. 3-5). Page 2 of the Charge of Discrimination is missing from Plaintiff's filing. A copy of Page 2 is attached to this Motion. Plaintiff's Charge of Discrimination is broken into six counts, all concerning sex and retaliation. Nothing regarding race.

In Count I, Plaintiff alleges that between August 2017 and November 3, 2017, she was discriminated against on the basis of her sex, female, insofar as she alleges she was "supervised more than other employees, accused of having not done my duties, accused of poor performance, and denied my unemployment when I was terminated all for no stated reason." *See* Count I, Paragraph (B)(3) of Plaintiff's Charge of Discrimination. She claims that no male employees were subjected to similar treatment.

In Count II of her Charge of Discrimination, Plaintiff claims that she opposed discrimination by reporting that "Mike Jamerson repeatedly called female employees 'dumb bitches.'" *See* Charge, Count II, Paragraph (B)(1). Plaintiff claims that she was retaliated against for having made this report. *See* Charge, Paragraph 2(B)(3).

In Count III of her Charge of Discrimination, Plaintiff alleges that she received discipline in September of 2017 because of her sex and that no similarly-situated males were disciplined. *See* Charge, Count III.

Count IV of Plaintiff's Charge of Discrimination alleges that she received the September 2017 discipline in retaliation for having reported Mike Jamison's alleged statement of calling female employees "dumb bitches."

Count V of Plaintiff's Charge of Discrimination alleges that she was discharged on November 3, 2017 because of her sex. Specifically, Plaintiff alleges that on October 3, 2017, she was placed on paid suspension during an investigation into an allegation that she had brought a gun to work. Plaintiff further alleges she was discharged for possessing a gun, threats and misconduct. She states that no similarly-situated males were discharged under similar circumstances.

Finally, Count VI of Plaintiff's Charge of Discrimination again alleges that the discharge was in retaliation for her report against Mike Jamison's alleged statements outlined above. In sum, Plaintiff's Charge of Discrimination is related to sex and one alleged statement by Mike Jamison.

Plaintiff's First Amended Complaint seeks for the first time to add race-related allegations. Plaintiff alleges that she was referred to as "Aunt Jemima," comments were made about her ponytail, that she was confronted with the N word written on walls in employee only buildings, and confederate flags and nooses, and referred to as "chocolate gal." (d/e #16, pp. 3-4, ¶¶ 12-22). These allegations are not like or reasonably related to the allegations of the Charge of Discrimination. These allegations are related to other individuals and do not describe the same conduct as alleged in her Charge of Discrimination. Her Charge of Discrimination is very specific. It is limited to a narrow timeframe, August 2017 through November 3, 2017. Her Charge narrowly focuses all alleged discrimination and retaliation as stemming from one source, Jamison's alleged statement "dumb bitches" and Plaintiff's alleged reporting of the same. There is no allegation that Mike Jamison made any racial comments. Rather, the only individuals identified as having made such comments are Dave Messeman and Steve York. See d/e #16, ¶¶ 13, 15. Furthermore, there are no allegations that this occurred during the August to November

2017 timeframe. These alleged acts of discrimination have not been brought before the Illinois Department of Human Rights or the EEOC through a Charge of Discrimination. Accordingly, those allegations and others not referenced in her Charge of Discrimination should be stricken from her Title VII claims asserted in Count I of her First Amended Complaint. Plaintiff's Title VII claim should be limited to sex discrimination between August 2017 and November 3, 2017 as set forth in her Charge. Plaintiff's failure to exhaust her administrative remedies on the remaining issues requires dismissal of them.

WHEREFORE, for the above and foregoing reasons, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, respectfully requests that Plaintiff's claims related to race be dismissed from Count I, and that this Defendant be permitted to answer the remaining allegations of the First Amended Complaint after the resolution of this motion, together with such other relief as this Court deems appropriate and just.

>Respectfully submitted,
>
>THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Defendant
>
>BY: /s/Brian M. Smith
>Brian M. Smith, ARDC #: 6293822
>HEYL, ROYSTER, VOELKER & ALLEN
>Suite 505, 301 N. Neil Street
>P.O. Box 1190
>Champaign, IL 61824-1190
>Telephone  217.344.0060
>Email:  bsmith@heylroyster.com

**PROOF OF SERVICE**

    I hereby certify that on July 26, 2019, I electronically filed the foregoing MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF, with the Clerk of the Court using the CM/ECF system, which will send notification to:

Mr. James M. Kelly
Mr. Jason W. Jording
James Kelly Law Firm
7817 N. Knoxville Avenue
Peoria, IL 61614

    I also hereby certify that I have mailed, by United States Postal Service, the foregoing to the following non-CM/ECF participant: None.

    s/Brian M. Smith
    Heyl, Royster, Voelker & Allen

36452056_1